UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID LAWRENCE GAUDINO, )<br>)<br>Defendant. )<br>_____ ) | CASE NO. MJ 11-95<br><br><br>DETENTION ORDER |

<u>Offense charged</u>:     Threatening a Federal Official

<u>Date of Detention Hearing</u>:    March 15, 2011

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)    Defendant is charged with threatening to assault and murder an employee at the Veterans Administration Medical Center facility in Seattle.

(2) Defendant's past criminal history includes a conviction for second degree assault in 1996 involving a knife, a threat to commit assault in 1998, a second degree assault conviction in King County Superior Court, and an active warrant from New Haven, CT for probation violations.   There is an indication that the defendant is an unauthorized user of metadone, and a past heroin user.  He is not currently employed.

(3) Defendant poses a risk of nonappearance due to the active warrant, some contradictory background information, mental health issues, and possible undisclosed controlled substance use.  He poses a risk of danger due to the nature of the instant offense, criminal history, and history of assaultive behavior.

(4) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose

of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 16th day of March, 2011.

                                                /s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge